# MATTER OF PEREZ-ANDRADE

## In Deportation Proceedings

### A-23067022
### A-23067026

*Decided by Board March 13, 1987*

(1) A request for a continuance was properly denied by the immigration judge because the respondents did not show good cause for a continuance.

(2) A deportation hearing was properly held in absentia where the respondents, without reasonable cause, failed to appear for the hearing.

(3) In the absence of a brief in support of their appeal, a reasonable explanation for the respondents' failure to appear for the hearing or a demonstration that they were prejudiced in any manner, a summary dismissal of the appeal pursuant to 8 C.F.R. 3.1(d)(1-a)(iv) (1987) is appropriate.

CHARGE:
    Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection (both respondents)

ON BEHALF OF RESPONDENTS:                    ON BEHALF OF SERVICE:
    Martin R. Guajardo, Esquire                  Jane Leroe
    601 Montgomery Street, Suite 1217            General Attorney
    San Francisco, California 94111

BY:   Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated July 3, 1985, an immigration judge found the respondents deportable on the charge set forth above. The decision was rendered at a hearing held in absentia due to the respondents' failure to appear. The immigration judge denied the respondents' applications for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1) (1982), because of their failure to appear and prosecute their applications. He granted both respondents voluntary departure. The respondents have appealed. The appeal will be dismissed summarily.

The respondents are a husband and wife, natives and citizens of Mexico. The Orders to Show Cause and Notice of Hearing (Forms I-221) allege that they entered the United States in June and

August 1974, respectively, without submitting themselves for inspection. At a deportation hearing held on August 6, 1984, the respondents, with the assistance of counsel, admitted the allegations in the Orders to Show Cause, conceded deportability, and requested an opportunity to file applications for suspension of deportation. The immigration judge granted a continuance and scheduled a hearing on their applications for July 3, 1985, at 2:30 p.m. Counsel waived further notice.

On July 3, 1985, counsel appeared for the hearing, but the respondents did not. Counsel had no explanation why they were not present but requested a continuance. The immigration judge proceeded with the hearing in absentia.

On appeal, the respondents contend that the immigration judge abused his discretion in denying counsel's request for a continuance made when the respondents failed to appear for their hearing. The respondents have not explained this contention or submitted a brief in support of the appeal.

The regulations provide that a continuance may be granted in the immigration judge's discretion if good cause is shown. 8 C.F.R. § 242.13 (1987). A decision to deny a continuance will not be overturned on appeal unless it appears that the respondents were deprived of a full and fair hearing. *Matter of Namio*, 14 I&N Dec. 412 (BIA 1973); *see also Matter of Leyva*, 16 I&N Dec. 118 (BIA 1977); *cf. Matter of Sibrun*, 18 I&N Dec. 354 (BIA 1983). Further, the respondents are not entitled to relief as a result of a procedural error unless they can establish that they were prejudiced by the error. *Matter of Santos*, 19 I&N Dec. 105 (BIA 1984).

The respondents have made no effort to demonstrate that they had good cause for a continuance, that they were deprived of a full and fair hearing by the denial of a continuance, or that they were prejudiced in any manner. In fact, they have not explained their contention or submitted a brief in support of their appeal. They have as yet offered no explanation whatsoever for their failure to appear for the hearing. Under these circumstances, we conclude that the hearing was properly held in absentia, section 242(b) of the Act, 8 U.S.C. § 1252(b) (1982); *Matter of Patel*, 19 I&N Dec. 260 (BIA 1985); *Matter of Marallag*, 13 I&N Dec. 775 (BIA 1971), and that the appeal is frivolous or was filed solely for the purpose of delay. Accordingly, it will be dismissed summarily pursuant to 8 C.F.R. § 3.1(d)(1-a)(iv) (1987). Voluntary departure will not be reinstated. *Matter of Patel*, 19 I&N Dec. 394 (BIA 1986).

**ORDER:** The appeal is dismissed.