10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernesto Lorenzo ARANA-MOREAU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 92-70084, 92-70145.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided Nov. 15, 1993.
 
 Before: HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Board of Immigration Appeals (BIA) denied petitioner Ernesto Lorenzo Arana-Moreau's request for relief from deportation and denied his request for a reopening and reconsideration of that decision. Arana-Moreau appeals. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a (1988). We grant the petition for review and affirm in part, reverse in part, and remand.
 
 I. Facts
 
 3
 Arana-Moreau is a thirty-nine year old native and citizen of Peru who was admitted as a lawful permanent resident to the United States at Champlain, New York, in 1983. In February, 1989, the Superior Court of California for Orange County convicted Arana-Moreau of possession for sale of cocaine. Thereafter, an order to show cause issued charging Arana-Moreau with deportability under 8 U.S.C. Sec. 1251(a)(11) as an alien convicted of a controlled substance violation.
 
 
 4
 Arana-Moreau appeared without counsel for a deportation hearing on August 9, 1990. At the hearing, Arana-Moreau conceded deportability, designated Peru as the country for deportation, and received a continuance to prepare a Sec. 212(c) waiver application. Arana-Moreau indicated that he understood that if he did not appear with his completed waiver application on October 29, 1990, he would be deported to Peru.
 
 
 5
 On October 29, 1990, Arana-Moreau, with counsel, appeared before the immigration judge and requested a continuance to prepare the waiver application because the Immigration and Naturalization Service had not yet provided his counsel with Arana-Moreau's alien file. Concluding that petitioner "had more than sufficient time to prepare," the immigration judge refused to grant Arana-Moreau's requested continuance and ordered Arana-Moreau deported.
 
 
 6
 The BIA affirmed the immigration judge's order and dismissed the appeal on October 3, 1991. Arana-Moreau then filed a motion to reopen and reconsider his deportation hearing with the BIA. The BIA denied that motion on January 30, 1992. Ultimately, Arana-Moreau appealed to this court.
 
 II. Discussion
 A. Arana-Moreau's Motion for a Continuance
 
 7
 First, Arana-Moreau argues that the immigration judge abused his discretion in refusing to grant his requested continuance. We disagree.
 
 
 8
 An immigration judge may grant a continuance in his discretion if good cause is shown. 8 C.F.R. Sec. 242.13 (1987). However, once an immigration judge refuses a requested continuance, the standard for reversal is very high:
 
 
 9
 [A]n immigration judge's decision denying the motion for continuance will not be reversed unless the alien establishes that that denial caused him actual prejudice and harm and materially affected the outcome of his case. Bare, unsupported allegations are insufficient; the alien must specifically articulate the particular facts involved or evidence which he would have presented, and otherwise fully explain how denial of his motion fundamentally changed the result reached.
 
 
 10
 In re Sibrun, 18 I & N Dec. 354, 356-57 (BIA 1983); see also In re Perez-Andrade, 19 I & N Dec. 433, 434 (BIA 1987) ("A decision to deny a continuance will not be overturned on appeal unless it appears that the respondents were deprived of a full and fair hearing.").
 
 
 11
 Arana-Moreau failed to make the requisite showing because he never argued in what manner he was prejudiced. In fact, Arana-Moreau failed to offer anything other than his bare allegation of prejudice. Nonetheless, the BIA concluded that even had Arana-Moreau supported his claim of prejudice, his case would not merit reversal:
 
 
 12
 We note that a section 212(c) application has still not been submitted and the respondent has failed to articulate any of the evidence which he would have presented to establish that he merits a grant of section 212(c) relief. Therefore, the respondent has failed to satisfy the standards for reversing the immigration judge's denial of his request for a continuance.
 
 
 13
 Because Arana-Moreau has failed to meet the stringent requirements of Sibrun, we agree with the BIA that the immigration judge did not abuse his discretion in refusing Arana-Moreau's requested continuance.
 
 B. Ineffective Assistance of Counsel
 
 14
 Second, Arana-Moreau argues that he received ineffective assistance of counsel because (a) the immigration judge refused to grant his requested continuance and (b) his counsel failed to file an appellate brief before the BIA. We disagree.
 
 
 15
 First, we reject the first prong of Arana-Moreau's ineffective assistance of counsel claim because he failed to establish that he was prejudiced by the immigration judge's denial of a continuance. See Sec. II.A., supra. Second, with regard to the second prong of Arana-Moreau's ineffective assistance of counsel claim, we point out that an alien's claim of ineffective assistance of counsel must comply with In re Lozada, 19 I & N Dec. 637 (BIA 1988).[1] Arana-Moreau's claim does not do so. Nevertheless, Arana-Moreau contends that this failure is excused by Figeroa v. INS, 886 F.2d 76, 79 (4th Cir.1989). Because we do not read Figeroa as providing Arana-Moreau with refuge from the requirements of Lozada, we reject his ineffective assistance of counsel claim.[2]
 
 C. Reopen and Reconsideration
 
 16
 Finally, Arana-Moreau argues that the BIA erred in refusing his request that they reopen and reconsider his case. This circuit's recent opinion in Butros v. INS, 990 F.2d 1142 (9th Cir.1993) (en banc), compels us to agree.
 
 
 17
 In denying Arana-Moreau's request that it reopen or reconsider his case, the BIA reasoned:
 
 
 18
 We must deny the respondent's motion to reopen proceedings because he has not established prima facie eligibility for section 212(c) relief. The respondent's lawful permanent residency ended on October 3, 1991, when this Board dismissed his appeal and issued an administratively final order of deportation. Since he is no longer a lawful permanent resident, the respondent is not statutorily eligible for section 212(c) relief. Consequently, he is unable to demonstrate prima facie eligibility for the relief he seeks and his motion to reopen will be denied.
 
 
 19
 (citations omitted). The Ninth Circuit specifically rejected this reasoning in Butros:
 
 
 20
 What is crystal-clear is that as long as the Board may reconsider or reopen the case, the status of the petitioner in that case for purposes of section 212(c) relief has not been finally determined for purposes of action by the Board. The Board erred in determining that the statutory language on change of status applies to an alien whose case may be appealed, reconsidered, or reopened.
 
 
 21
 Butros, 990 F.2d at 1145 (citation omitted). Accordingly, we reverse the BIA's determination that Arana-Moreau is no longer statutorily eligible for Sec. 212(c) relief, grant Arana-Moreau's petition for review, and remand to the BIA for reconsideration of his motion to reopen and reconsider in accordance with Butros.
 
 
 22
 Petition for review GRANTED. AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lozada requires that an alien's claim of ineffective assistance of counsel (1) be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the action to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and, if not, why not. In re Lozada, 19 I & N Dec. at 639
 
 
 [2]
 However, because we grant Arana-Moreau's petition for review on other grounds and remand the case to the BIA for reconsideration of his motion to reopen and reconsider, see Sec. II.C., infra, we note that Arana-Moreau is free to amend his petition so that it complies with Lozada. Cf. Escobar-Ramos v. INS, 927 F.2d 482, 486 (9th Cir.1991) (ordering BIA to consider motion to reopen/reconsider after alien's counsel had failed to file a brief on appeal)