19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa Argentina ARCIA-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70813.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Argentina Arcia-Lopez petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ") decision denying (1) her application for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h), and (2) her request for a continuance. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). In evaluating the petitioner's claims, we must uphold the BIA's factual determinations if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. Sec. 1105a(a)(4). Under the substantial evidence standard, "the BIA's conclusion, based on the evidence presented, [must] be substantially reasonable." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (quotations omitted). "To reverse the BIA finding [the court] must find that the evidence not only supports that conclusion, but compels it." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 II
 Asylum and Withholding of Deportation
 
 5
 Arcia-Lopez contends the BIA abused its discretion because substantial evidence supports her claim that she has a well-founded fear of persecution. This contention lacks merit.
 
 
 6
 Section 208(a) of the Immigration and Nationality Act ("Act") authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." 8 U.S.C. Sec. 1158(a). As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. Sec. 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).[1] Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 7
 As the basis for her persecution claim, Arcia-Lopez testified that she had been politically active in the anti-Sandinista "Movimiento Democratico Nicaraguense" ("MDN") from the early 1980s until she left Nicaragua in 1985. She testified that as part of her political activity she and her sister visited neighboring homes and instructed people to support the democratic movement and overthrow the Sandinistas. She stated that in 1985, the Sandinistas searched her home for weapons and although they failed to find any, they nevertheless arrested her and placed her in a detention facility overnight. During her detention, Arcia-Lopez claims that she was threatened and verbally abused. Arcia-Lopez also testified that the Sandinistas threw paint at her house, made phone calls threatening her and her family, confiscated her business and her home and limited her food rations.
 
 
 8
 The BIA denied Arcia-Lopez's asylum claim on two grounds. First, it found her testimony not credible. Second, the BIA found that even if Arcia-Lopez's testimony was true, she had failed to establish a well-founded fear of persecution on account of her political opinion.
 
 
 9
 In making its credibility determination, the BIA noted that although the basis of Arcia-Lopez's claim for asylum was her membership in the MDN, at her deportation hearing she could not remember when she joined the organization. Moreover, although Arcia-Lopez testified that she had visited over 100 homes with her sister, her husband testified that her participation in the MDN was limited to attending meetings. Arcia-Lopez further testified that due to pressure from the Sandinistas she was forced to register her business in her sister's name in 1980 or 1981. Her husband denied, however, that Arcia-Lopez had transferred her business to her sister during the time she resided in Nicaragua. Furthermore, the BIA noted, it was unclear from Arcia-Lopez's testimony why such a transfer would benefit her since her sister was apparently as involved in the MDN as Arcia-Lopez. The BIA also observed that, unlike her testimony before the IJ, Arcia-Lopez's asylum application failed to include any information pertaining to threatening phone calls or the limiting of her food rations.
 
 
 10
 Finally, the BIA considered the fact that Arcia-Lopez had left Nicaragua in 1983 with a valid passport in order to come to the United States. While here she did not apply for asylum, but returned to Nicaragua several months later. In 1985, Arcia-Lopez was allowed to leave Nicaragua again, also with a valid passport. According to her testimony, Arcia-Lopez's sister continues to reside in Nicaragua without any difficulties from the Sandinistas.
 
 
 11
 Based on this testimony, the BIA concluded that Arcia-Lopez's return to Nicaragua during the time that the Sandinistas still controlled the government undermined the credibility of her persecution claim. Alternatively, the BIA found that even if Arcia-Lopez's claims were true, given the circumstances, Arcia-Lopez's single 24-hour detention in 1985 was insufficient to establish persecution on the basis of political opinion.
 
 
 12
 We are satisfied from our independent review of the entire record that the BIA's conclusion that Arcia-Lopez failed to present credible evidence of a well-founded fear of persecution was "substantially reasonable." De Valle, 901 F.2d at 792. Accordingly, the BIA did not err by denying Arcia-Lopez's request for asylum. Moreover, because Arcia-Lopez failed to demonstrate a well-founded fear of persecution, she also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 III
 Denial of Request for a Continuance
 
 13
 Arcia-Lopez contends that the BIA erred by upholding the IJ's denial of her request for a continuance.[2] This contention lacks merit.
 
 
 14
 An immigration judge may grant a continuance in his discretion if good cause is shown. 8 C.F.R. Sec. 242.13. "[A]n immigration judge's decision denying [a] motion for continuance will not be reversed unless the alien establishes that the denial caused him actual prejudice and harm and materially affected the outcome of his case." In re Sibrun, 18 I & N DEc. 354, 356-57 bia 1983). Bare, unsupported allegations are insufficient to show prejudice; rather, the alien must "specifically articulate the particular facts involved or evidence which he would have presented, and otherwise fully explain how denial of his motion fundamentally changed the result reached." Id.; see also In re Perez-Andrade, 19 I & N Dec. 433, 434 (BIA 1987) ("[a] decision to deny a continuance will not be overturned on appeal unless it appears that the respondents were deprived of a full and fair hearing").
 
 
 15
 Here, Arcia-Lopez requested a continuance after her counsel moved to withdraw because of an alleged breakdown in trust and communication between counsel and Arcia-Lopez. The IJ denied the application, noting that this was Arcia-Lopez's second request for a continuance and that at the previous hearing, Arcia-Lopez was warned that she should find counsel by the next hearing date or be prepared to represent herself. The IJ also noted that Arcia-Lopez had waited until the hearing date to move for counsel's withdrawal and for the appointment of new counsel. In denying the request for a continuance, the IJ gave Arcia-Lopez the option of either representing herself or accepting the representation of her then current counsel. Arcia-Lopez chose counsel's representation.
 
 
 16
 Arcia-Lopez alleges that her counsel was ill-prepared to present her case. She fails, however, to point to specific instances where counsel's representation was deficient. See In re Sibrun, 18 I & N Dec. at 356-57. Moreover, a review of the hearing transcripts reveals that Arcia-Lopez received a full and fair hearing on her asylum application. See In re Perez-Andrade, 19 I & N Dec. at 434. Accordingly, we agree with the BIA that the IJ did not abuse his discretion by denying Arcia-Lopez's request for a continuance.
 
 
 17
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To establish eligibility for asylum based on a well-founded fear of persecution, an alien must demonstrate that her fear is both subjective and objective. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component "requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera, 848 F.2d at 1002 (quotations and emphasis omitted). The applicant bears the burden of establishing eligibility for asylum. See Estrada-Posadas, 924 F.2d at 918
 
 
 [2]
 In her brief, Arcia-Lopez challenges the IJ's decision directly. However, our review is limited to the BIA's decision. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)