**Joao Jaroslav PEREZ–MIRACHAL,**
Petitioner

v.

**ATTORNEY GENERAL OF
the UNITED STATES,**
Respondent.

**No. 07–1806.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 17, 2008.

Filed: April 23, 2008.

John J. Garzon, Sunnyside, NY, for Petitioner.

Richard M. Evans, Paul Fiorino, Andrew Oliveira, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN, and ALARCÓN,* Circuit Judges.

## OPINION OF THE COURT

ALARCÓN, Circuit Judge.

The Board of Immigration Appeals ("Board") affirmed the Immigration Judge's decision to remove Joao Jaroslav Perez–Mirachal because he committed an "aggravated felony." Perez–Mirachal appeals the Board's decision on two grounds. He contends that he received ineffective assistance of counsel at his state criminal trial because his attorney did not warn him of the effect a guilty plea would have on his immigration status. He also asserts that the Board abused its discretion in denying his motion for a continuance to permit him to attack his criminal conviction. We have jurisdiction to review pursuant to 8 U.S.C. § 1252(a)(1). For the reason set forth below, we affirm the Board's decision.

## I

Perez–Mirachal is a native and citizen of the Dominican Republic. He was admitted to the United States on April 26, 1996 as a conditional resident. Subsequently, around May 1999, he became a lawful permanent resident.

On May 9, 2003, Perez–Mirachal was convicted of attempted criminal sale of cocaine in the New York Supreme Court, Queens County, in violation of Section 110–220.39 of the New York State Penal Law. He pled guilty and received a sentence of five years of probation.

On January 23, 2006, the Department of Homeland Security issued a notice to appear, charging Perez–Mirachal with removal under INA § 237(a)(2)(B)(I) based upon his conviction of a controlled substance offense, and INA § 237(a)(2)(A)(iii) because of his conviction of an aggravated felony. In a hearing before an Immigration Judge, Perez–Mirachal admitted the charges and conceded removability. He requested a continuance of his case to mount a collateral attack on his criminal conviction. At the time of his request, however, Perez–Mirachal had not yet attempted to set aside his criminal conviction in state court. On March 6, 2006, the Immigration Judge denied Perez–Mirachal's request for a continuance and ordered that he be removed to the Dominican Republic.

Perez–Mirachal appealed from the Immigration Judge's decision. In his appeal, he alleged that the Immigration Judge abused his discretion in denying his motion

---

* The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

for a continuance. On June 5, 2006, the Board rendered a decision dismissing the appeal and affirming the Immigration Judge's decision of removal. The Board rejected Perez–Mirachal's allegation that the Immigration Judge erred in denying a continuance.

He timely filed the petition for review presently before this Court.

## II

Perez–Mirachal presents two arguments on appeal. First, he argues that he was denied due process at the state criminal trial because his criminal attorney was ineffective in not warning him of the consequences his guilty plea would have on his immigration status. Second, he contends that the Board abused its discretion in denying his motion for a continuance. We disagree.

### A

█ Perez–Mirachal contends that this Court should vacate his criminal conviction because he received ineffective assistance of counsel in his state criminal conviction. He argues that "the Board rendered an arbitrary and unjust decision since it failed to acknowledge that the Petitioner['s] due process rights were violated." (Appellant's Br. 13). Perez–Mirachal argues that the failure of his defense attorney to explain the consequences of his plea agreement constitutes ineffective assistance of counsel and a due process violation. The Government asserts that Perez–Mirachal cannot attack an otherwise valid state court conviction in immigration proceedings.

It is well settled that an alien may not collaterally attack an otherwise valid state court conviction, or go behind the judicial record, in immigration proceedings. *See Drakes v. INS,* 330 F.3d 600, 601 (3d Cir. 2003), *cert. denied,* 540 U.S. 1008, 124 S.Ct. 541, 157 L.Ed.2d 416 (2003) (holding that the constitutionality of a state conviction providing the basis for an order of removal may not be challenged in an immigration proceeding); *see also Trench v. INS,* 783 F.2d 181, 184 (10th Cir.) (holding that an alien cannot use deportation proceedings to attack state law conviction), *cert. denied,* 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403 (1986); *Avila–Murrieta v. INS,* 762 F.2d 733, 736 (9th Cir.1985) (holding that the INS may not examine validity of conviction for deportation purposes); *Zinnanti v. INS,* 651 F.2d 420, 421 (5th Cir.1981) (per curiam) (holding that immigration authorities must look solely to judicial record of final conviction and may not make independent assessment of the validity of a guilty plea); *Chiaramonte v. INS,* 626 F.2d 1093, 1098 (2d Cir.1980) (holding that an alien adjudged guilty by foreign tribunal may not mount collateral attack on conviction in deportation proceedings); *Longoria–Castenada v. INS,* 548 F.2d 233, 236 (8th Cir.1977) (holding that immigration authorities may not go beyond the judicial record of conviction to make an independent determination of guilt or innocence), *cert. denied,* 434 U.S. 853, 98 S.Ct. 169, 54 L.Ed.2d 123(1977); *Aguilera–Enriquez v. INS,* 516 F.2d 565, 570 (6th Cir. 1975) (same), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). Thus, any relief that Perez–Mirachal wishes to pursue is available only in the criminal court that convicted him.

### B

Perez–Mirachal also contends that the Board erred in affirming the Immigration Judge's denial of his motion for a continuance. Perez–Mirachal argues that the Immigration Judge should have continued his removal proceedings, permitting him to pursue his ineffective assistance of counsel claim on collateral attack. The Government maintains that the Board was following relevant precedent in denying the motion for a continuance.

An Immigration Judge "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2006). We review the denial of a continuance for abuse of discretion. *Ponce–Leiva v. Ashcroft,* 331 F.3d 369, 377 (3d Cir.2003). The Immigration Judge's decision should be reversed only if it is arbitrary, irrational or contrary to law. *Tipu v. INS,* 20 F.3d 580, 582 (3d Cir.1994). In *Ponce–Leiva,* this Court explained that " '[t]he question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case.' " *Ponce–Leiva,* 331 F.3d at 377 (quoting *Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988)).

■ Here, in denying Perez–Mirachal's motion for a continuance, the Immigration Judge relied upon the Board's decision in *Matter of Perez–Andrade,* 19 I. & N. Dec. 433 (BIA 1987). In his decision, the Immigration Judge in this matter stated:

> The Board of Immigration Appeals in *Matter of Perez–Andrade,* 19 I. & N. Dec. 433 (BIA 1987), stated that it is not good cause to request a continuance to await the results of a collateral event which might occur in the future. The Court feels that *Perez–Andrade* is directly on point with the matter we have here today. We have no way of evaluating the likelihood of success of the collateral attack. We have no way of knowing when it might be forthcoming, that is to say when a decision would be rendered by the courts in New York. In fact, the application has not even been filed or motion or writ, whatever the appropriate method of attacking the conviction might be. In any event, the Court has been informed that the process has not even begun. So for these reasons, the Court feels that it would

not be appropriate to grant the motion to adjourn.

We conclude that the Immigration Judge did not abuse his discretion in denying the motion for a continuance. At the time the motion for continuance was filed, Perez–Mirachal had not yet filed any motions challenging his conviction in the criminal court. Thus, the outcome of Perez–Mirachal's proposed collateral attack was uncertain. It follows that the Board did not commit error in affirming the Immigration Judge's decision.

## III

We will deny the petition and affirm the Board's order.