10-0276-ag
*Alvarez Villa v. Holder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand ten.

PRESENT:    PIERRE N. LEVAL,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            RICHARD M. BERMAN,
                        *District Judge.**

---

MARCO BACILIO ALVAREZ VILLA,
            *Petitioner*,

    -v.-                                          No. 10-0276-ag

ERIC H. HOLDER, JR., United States Attorney General,
            *Respondent*.

---

                        ELYSSA N. WILLIAMS, Formica, P.C., New Haven, Connecticut,
                        *for Petitioner*.

                        R. ALEXANDER GORING, Trial Attorney (Cindy S. Ferrier, Senior
                        Litigation Counsel, and Tony West, Assistant Attorney General, Civil
                        Division, *on the brief*), Office of Immigration Litigation, United
                        States Department of Justice, Washington, D.C., *for Respondent*.

---

*The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **DISMISSED** in part and **DENIED** in part.

Petitioner Marco Bacilio Alvarez Villa ("Alvarez" or "Petitioner") seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on December 29, 2009, which concluded that the Immigration Judge ("IJ") had properly denied Petitioner's application for cancellation of removal on the ground of "exceptional and extremely unusual hardship" to his United States citizen children, and had properly denied Petitioner's request for a continuance of his removal proceedings. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Alvarez first seeks review of the agency's denial of his application for cancellation of removal on the ground that he had not established that his removal would result in "exceptional and extremely unusual hardship" to his United States citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D). The Immigration and Nationality Act, as amended by the REAL ID Act, however, provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . . of this title." *Id.* § 1252(a)(2)(B)(i). Accordingly, we have held that "(1) 'exceptional and extremely unusual hardship' determinations by the BIA are discretionary judgments and (2) we therefore lack jurisdiction to review such judgments, in accordance with 8 U.S.C. § 1252(a)(2)(B)(i)." *De La Vega v. Gonzales*, 436 F.3d 141, 145-46 (2d Cir. 2006). Alvarez, however, asserts that we have jurisdiction to review his claim under § 1252(a)(2)(D), which provides that nothing in § 1252(a)(2)(B)(i) "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in

accordance with this section." He argues that the IJ and BIA improperly assessed his application for cancellation of removal under the standard set out by the BIA in *Matter of Monreal*, 23 I. & N. Dec. 56 (B.I.A. 2001), without taking into account the subsequent effect of *Matter of Andazola*, 23 I. & N. Dec. 319 (B.I.A. 2002), and *Matter of Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002). Therefore, the argument goes, because the agency allegedly applied an "improper legal standard" in reviewing his application, "[r]eview . . . is within the purview of this Court's jurisdiction." Petitioner's Br. 7. This argument lacks merit.

"The determination of our jurisdiction is exclusively for the [C]ourt to decide." *Mugalli v. Ashcroft*, 258 F.3d 52, 55 (2d Cir. 2001) (internal quotation marks omitted). While we have noted that, in some circumstances, a "question of law" within the meaning of § 1252(a)(2)(D) "may arise . . . where a discretionary decision is argued to be an abuse of discretion because it was . . . based on a legally erroneous standard," *Liu v. I.N.S.*, 508 F.3d 716, 721 (2d Cir. 2007) (internal quotation marks omitted), Alvarez's particular argument here is squarely foreclosed by our decision in *Barco-Sandoval v. Gonzales*, 516 F.3d 35 (2d Cir. 2007). In *Barco-Sandoval*, we considered, and rejected, an effectively identical claim: that the IJ and BIA "used the incorrect legal standard—one articulated in the BIA's opinion in *Monreal* . . . rather than in its opinion in *Recinas*—to determine whether [petitioner] was entitled to cancellation of removal." *Id.* at 40. We concluded that "*Recinas* is so obviously an application of *Monreal* . . . , leaving the latter's standard intact, that [petitioner's] argument that the agency incorrectly relied on *Monreal* . . . in denying his application for cancellation of removal does not even reach the level of being colorable." *Id.* There, we found that the petitioner, like Alvarez, had raised "no colorable 'question of law' that we have jurisdiction to review." *Id.*; *see also Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505

3

(2d Cir. 2006) ("Petitioner . . . has failed to raise any colorable 'constitutional claims or questions of law' sufficient to invoke our jurisdiction under the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D)."). Since Alvarez has failed to raise a non-frivolous "question of law" sufficient to provide us with jurisdiction to review the agency's discretionary denial of his application for cancellation of removal, we dismiss the portion of his petition requesting as much. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006) ("[P]etitioner cannot . . . secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion.").

Next, Petitioner seeks review of the IJ's refusal to grant him a continuance of his removal proceedings, in light of the fact that his wife's I-140 visa petition had been approved the preceding week. Where the BIA affirms the decision of the IJ and closely tracks the IJ's reasoning, we review the decisions of the BIA and the IJ together. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). An IJ may grant a continuance, in his or her discretion, "for good cause shown." 8 C.F.R. §§ 1003.29, 1240.6. We have jurisdiction to review an IJ's denial of a continuance, *see Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006), and we review such a decision for abuse of discretion. *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006). We review challenges to an IJ's denial of a continuance in much the same manner as we review "the largely unfettered discretion of a district judge to deny or to grant a continuance," *id.*, utilizing a "highly deferential standard" and bearing in mind that we are loath to "micromanage [the IJ's] scheduling decisions any more than when we review such decisions by district judges." *Morgan*, 445 F.3d at 551. Under the facts presented here, we cannot conclude that the IJ abused his discretion in failing to grant Alvarez a continuance of his removal proceedings.

Unlike in *Matter of Hashmi*, 24 I. & N. Dec. 785 (B.I.A. 2009), and *Matter of Rajah*, 25 I. & N. Dec. 127 (B.I.A. 2009), upon which Petitioner relies, he did not have a pending employment- or family-based visa petition at the time of his hearing before the IJ. *Cf. Rajah*, 25 I. & N. Dec. at 136 (noting that even "[a] respondent who has a prima facie approvable I-140 and adjustment application may not be able to show good cause for a continuance because visa availability is too remote."). It is undisputed that Alvarez was, at all times during the relevant proceedings, ineligible for adjustment of status. Furthermore, at the time his wife's I-140 was approved, she remained under an *in absentia* order of removal. Accordingly, Alvarez's hypothetical relief was predicated on his wife filing a motion to reopen her removal proceedings, that motion to reopen being granted, and his wife successfully applying for and receiving an adjustment of status—at which point Alvarez *may* have been eligible for an adjustment of status as a derivative beneficiary of his wife's adjustment. Moreover, as the IJ noted, although Alvarez's wife had been ordered removed *in absentia* nearly a year prior to the hearing before the IJ, there was no evidence in the record that she had filed a motion to reopen in the interim—nor was there evidence at the time of the BIA decision, a full eleven months later, that any such motion had been filed.

Alvarez's "eligibility for adjustment of status was, therefore, speculative at best." *Elbahja v. Keisler*, 505 F.3d 125, 128-29 (2d Cir. 2007) ("[P]etitioner was not, at the time of the hearing, eligible for adjustment of status, and he had no right to yet another delay in the proceedings so that he could attempt to become eligible for such relief."). Nor can we say that Alvarez was "deprived of a full and fair hearing by the denial of a continuance, or that [he] w[as] prejudiced in any manner." *Matter of Perez-Andrade*, 19 I. & N. Dec. 433 (B.I.A. 1987). Alvarez has not met his burden of demonstrating "good cause" for a continuance; nor has he demonstrated that the IJ abused his

discretion in failing to grant such a continuance. *Cf. Sanusi*, 445 F.3d at 200 ("This is a burden difficult to satisfy . . . ."). Accordingly, his petition for review of the agency's refusal to grant a continuance is denied.

We have considered all of Alvarez's remaining arguments and find them to be without merit.

For the foregoing reasons, Alvarez's petition is hereby **DISMISSED** in part and **DENIED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk