**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1042**

_____

FRANCISA DZIFA DZIKUMU-MENSAH,

                Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  June 9, 2011          Decided:  June 22, 2011

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Walter Bocchini, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisa Dzifa Dzikumu-Mensah, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her request for a continuance and ordering her removed. Dzikumu-Mensah challenges the denial of her request for a continuance. We deny the petition for review.

An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2011). This court reviews the denial of a motion for a continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). The court "must uphold the [immigration judge's] denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'" Lendo, 493 F.3d at 441 (quoting Onyeme, 146 F.3d at 231).

If the alien is asserting that a continuance is needed in order to prepare and obtain additional evidence, as the alien was in this case, the alien must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence

the alien seeks to present is probative, noncumulative and significantly favorable to the alien. Matter of Sibrun, 18 I. & N. Dec. 354, 356-57 (BIA 1983). On appeal to the Board, the alien must show that the denial of the motion for a continuance caused "actual prejudice and harm and materially affected the outcome of his case." Id. Unsupported allegations are insufficient. Id. at 357. The Board will not overturn the immigration judge's denial of a motion for a continuance unless the alien was deprived of a full and fair hearing. Matter of Perez-Andrade, 19 I. & N. Dec. 433, 434 (BIA 1987).

We conclude there was no abuse of discretion. Dzikumu-Mensah failed to suggest any additional evidence she could present that would support her proposed asylum application. See Niang v. Gonzales, 492 F.3d 505, 511-12 (4th Cir. 2007) (rejecting the holding in Abay v. Ashcroft, 368 F.3d 634, 640-41 (6th Cir. 2004)). She merely speculated she may be entitled to relief. In addition, she failed to make any showing of actual prejudice or that she was deprived of a full and fair hearing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED