Petros M. MOUTSOS, Plaintiff,

v.

Edward J. SHAUGHNESSY, District Director of the New York District of the Immigration and Naturalization Service, Defendant.

United States District Court
S. D. New York.
Feb. 19, 1957.

William L. Standard, New York City, for plaintiff, Lester E. Fetell, New York City, of counsel.

Paul W. Williams, United States Atty., Southern Dist. of New York, New York City, for defendants, Roy Babitt, Special Asst. to the U. S. Atty., and General Attorney, Immigration & Naturalization Service, New York City, of counsel.

DAWSON, District Judge.

This is a motion for a temporary injunction to stay the deportation of the

plaintiff. The defendant has cross-moved for summary judgment.

The plaintiff is a twenty-four year old Greek seaman who entered the United States on October 10, 1955 as a member of a ship's crew. He has been ordered deported on the ground that he has remained in the United States beyond the time allowed him as a non-immigrant seaman.

A hearing was held before a Special Inquiry Officer of the Immigration and Naturalization Service at which plaintiff was represented by counsel. The Special Inquiry Officer found the plaintiff deportable and not entitled to the favorable exercise of administrative discretion to permit voluntary departure. An appeal was taken to the Board of Immigration Appeals which, after consideration of counsels' arguments and examination of the record, dismissed the appeal.

The plaintiff does not contend that he is legally in the country. The issue of his deportability has not been raised on this motion. As a matter of fact, at the hearing before the Special Inquiry Officer, no evidence was offered by plaintiff on the issue of deportability. The issue raised herein solely relates to the question as to whether plaintiff should have been entitled to make a voluntary departure.

At the hearing before the Special Inquiry Officer plaintiff made application for the privilege of voluntary departure, under the provisions of 8 U.S.C.A. § 1254(e). The hearing officer found that plaintiff was statutorily eligible for the privilege of voluntary departure but concluded:

" * * * While, as previously indicated, it is found that this respondent is statutorily eligible for the relief of voluntary departure, it is considered in light of the other factors of record, particularly his association with the O.E.N.O., his refusal to admit or deny membership in the Communist Party of Greece, his admitted efforts in obtaining subscriptions and collections of subscription fees for the 'Naftergatis',

a newspaper which he admits was published by the O.E.N.O., as well as the attitude of this respondent that the Government of the United States has no right to inquire into his political beliefs, that this respondent has not demonstrated that he is a person deserving of favorable administrative discretion."

Plaintiff admitted at the hearing that he was a member of the O.E.N.O., an association of Greek seamen which plaintiff admitted was outlawed as illegal by the Greek Government. He was then asked :-

"Q. Are you now a member of a Communist Party?

"A. Everybody can believe whatever he wants to believe in.

"Q. Please answer the question.

"A. Everybody has his own beliefs. You cannot command me what to believe in.

"Q. Do you believe in Communism?

"A. That concerns me, no one else." Transcript p. 45.

Plaintiff asks relief in this proceeding on several grounds:

■■ 1. *That the hearing was arbitrary.* A careful study of the hearing shows that it was not arbitrary. Full opportunity was given to plaintiff to present his case and he was throughout represented by experienced, although somewhat voluble, counsel. It is true that counsel asked for an adjournment which was denied. This denial was made, however, only after counsel indicated that he did not know whether there would be any evidence for him to present at the adjourned hearing. No party has an inflexible right to adjournment. His only right is not to be deprived of an opportunity to present testimony. Here counsel for plaintiff did not indicate that he had any testimony which he would present at the adjourned hearing, nor did he present any good basis for demanding an adjournment of the hearing; furthermore, no motion to reopen was ever made.

Plaintiff has not, on the hearing before the Court, indicated any additional testimony which would have been presented if the hearing had been adjourned.

2. *That the hearing does not contain any evidence to support a finding that plaintiff was not deserving of favorable exercise of administrative discretion.* This is not correct. The hearing contains evidence referred to above, including plaintiff's admission that he had jumped ship and that he was a member of an organization of Greek seamen declared illegal by the Greek Government. When asked if he was a member of the Communist party, or sympathetic to the Communists, he was asked a question which must be answered by all who seek the privilege of entering the United States as a permanent resident. 8 U.S.C.A. § 1182(28) (C). When he refused to answer, in a curt and somewhat insolent manner, his refusal may not have been evidence that he was a member of the Communist party, but his refusal certainly was evidence of unwillingness to answer inquiries which are proper and which are put to all aliens seeking lawful residence in the United States. His refusal to answer the question bore directly upon the issue as to whether he was entitled to discretionary relief. See Jimenez v. Barber, 9 Cir., 235 F.2d 922, petition for certiorari filed, (No. 467).

■■■ The hearing officer did not make a finding that plaintiff was a Communist. It was unnecessary to do so. For the plaintiff, who had the burden in his application for discretionary relief, had failed to establish a basis which would move the Attorney General to extend this privilege to a man otherwise admittedly deportable. The Attorney General, acting by his lawful representatives, reached the conclusion that he should not exercise discretion to permit voluntary departure. This conclusion, on the record, was neither arbitrary nor was it capricious. Therefore it is not a matter in which this Court can substitute its judgment for that of the Attorney General. United States ex rel.

Kaloudis v. Shaughnessy, 2 Cir., 1950, 180 F.2d 489; United States ex rel. Hintopoulos v. Shaughnessy, 2 Cir., 1955, 233 F.2d 705, certiorari granted, 352 U.S. 819, 77 S.Ct. 53, 1 L.Ed.2d 45.

The motion of plaintiff for injunction against deportation is denied. Motion of defendant for summary judgment dismissing the complaint is granted. So ordered.