## MATTER OF LEYVA

### In Deportation Proceedings

### A–14170842

*Decided by Board January 18, 1977*

(1) Denial of respondent's request for a second continuance of his deportation hearing was proper where no showing was made that respondent was prevented from presenting evidence or testimony as a result.

(2) Once alienage has been established, it is presumed to continue absent evidence to the contrary. Respondent failed to offer any evidence of United States citizenship, and that fact will not be presumed.

(3) Convictions for oral sex perversion under section 288a of the California Penal Code and for burglary with intent to commit theft under section 459 of the California Penal Code are convictions for crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct and subject respondent to deportability under section 241(a)(4) of the Immigration and Nationality Act.

(4) A conflict in evidence concerning aliases used by respondent will be resolved against respondent where a deportation charge is based on documentary evidence bearing a name identical to that of respondent, absent evidence that it does not relate to him.

(5) Where each document relating to the record of conviction is accompanied by an entry that the copy is a true and accurate copy of the original and is signed by a deputy of the Clerk of Court, it will be presumed that the custody requirement of Rule 44 of the Federal Rules of Evidence has been met.

(6) Under *Matter of Silva*, Interim Decision 2532 (BIA 1976), respondent appears eligible for discretionary relief under section 212(c) of the Act, and the record will be remanded to afford him an opportunity to apply for a section 212(c) waiver and the entry of a new decision.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—After entry, convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

ON BEHALF OF RESPONDENT: Peter A. Schey, Esquire
3040 Imperial Avenue
San Diego, California 92102

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

This is an appeal from an order of an immigration judge dated June 16, 1976, which found the respondent deportable as charged under

section 241(a)(4) of the Immigration and Nationality Act as an alien who, after entry, had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. He found the respondent ineligible for any form of discretionary relief. The respondent has appealed from that decision. The record will be remanded.

The respondent, a native and citizen of Mexico, was admitted to the United States for permanent residence on July 1, 1964. On May 19, 1976, the respondent appeared before the immigration judge and was granted a continuance until June 16, 1976. On that date the respondent appeared for the hearing accompanied by counsel. His request for a second continuance was denied.

Counsel contends on appeal that the immigration judge violated the regulations and the respondent's rights of equal protection and due process when he denied the respondent's request for a second continuance. He states that he was not able to meet with his client personally or review the Order to Show Cause nor had he received copies of the convictions upon which deportation was based until the morning of the hearing.

The regulations provide that a continuance may be granted in the immigration judge's discretion if good cause is shown. 8 C.F.R. 242.13. A decision to deny a continuance will not be overturned on appeal unless it appears that the respondent was deprived of a full and fair hearing. *Matter of Namio*, Interim Decision 2221 (BIA 1973).

At the time of the initial hearing on May 19, 1976, the respondent had already obtained counsel, but he was granted a continuance to prepare for the hearing. The record does not indicate that the respondent was prevented from presenting evidence or testimony. See *Olvera v. INS*, 504 F.2d 1372 (5 Cir. 1974); *Moutsos v. Shaughnessy*, 149 F. Supp. 116 (S.D. N.Y. 1957). We conclude that the immigration judge properly denied the motion for a continuance.

As proof of alienage, the Service introduced into evidence a 1964 visa (Ex. 3) containing a photograph allegedly bearing a resemblance to the respondent and a name identical to his. The respondent admitted at the hearing that the visa related to him and that it correctly listed his birthplace as Mexico (Tr. pp. 8–9).

Once birth in a foreign country is established, there is a presumption of alienage and the respondent has the burden of going forward with the evidence to establish a claim to United States citizenship. *Vlisidis v. Holland*, 245 F.2d 812 (3 Cir. 1957); *Matter of Vergara*, Interim Decision 2408 (BIA 1975); *Matter of Tijerina-Villareal*, 13 I. & N. Dec. 327 (BIA 1969). The respondent refused to answer when asked by the immigration judge if he were a United States citizen (Tr. p. 9). We note the argument that the respondent's failure to testify was made the basis

of an adverse inference. It has been clearly established that the respondent was born in Mexico and became a resident alien in the United States in 1964. In effect, we are asked to indulge a presumption that in the intervening time he became a United States citizen. This we refuse to do. He has made no offer in this connection. Once alienage is established, it is presumed to continue absent countervailing evidence.[1] *Farrell* v. *United States*, 381 F.2d 368 (9 Cir. 1967), cert. denied, 389 U.S. 963 (1967). *U.S. ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149 (1923). We conclude that the Service met its burden of proving the alienage of the respondent.

The record contains certified copies of judicial documents relating to convictions for oral sex perversion under section 288a of the California Penal Code (Ex. 4) and for burglary with intent to commit theft under section 459 of the California Penal Code (Ex. 5). Burglary with intent to commit theft is a crime involving moral turpitude. *Matter of L—*, 6 I. & N. Dec. 666 (BIA 1955); *Matter of Z—*, 5 I. & N. Dec. 383 (BIA 1953). The crime of oral sex perversion as defined in section 288a [2] is similar to other crimes which we have held to involve moral turpitude. See *Matter of K—*, 3 I. & N. Dec. 575 (BIA 1949) (solicitation to commit sodomy); *Matter of A—*, 3 I. & N. Dec. 168 (BIA 1948) (adultery, lewdness). See also *Velez-Lozano* v. *INS*, 463 F.2d 1305 (D.C. Cir. 1972) (consensual sodomy).

---

[1] Counsel relies on *Sint* v. *INS*, 500 F.2d 120 (1 Cir. 1974) for the proposition that the Government must prove that the respondent is *currently* an alien. In that case, the Second Circuit held that an admission of foreign citizenship made by the respondent four years prior to the deportation hearing did not, of itself, constitute clear, convincing, and unequivocal evidence of alienage for the purpose of determining deportability. The court held that the Service must demonstrate that the respondent remained an alien during the period of time at issue. We are not persuaded by *Sint* to depart from the well-established rule that once the Service establishes birth in a foreign country, the respondent must come forward with evidence of a claim to United States citizenship. Furthermore, *Farrell* v. *United States*, infra, would control here since this case arises in the Ninth Circuit.

[2] Section 288a provides that:

Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison not to exceed 15 years or by imprisonment in the county jail not to exceed one year; provided, however, whenever any person is found guilty of the offense specified herein, and it is charged and admitted or found to be true that he is more than 10 years older than his coparticipant in such an act, which coparticipant is under the age of 14, or that he has compelled the other's participation in such an act by force, violence, duress, menace, or threat of great bodily harm, he shall be punished by imprisonment in the state prison for not less than three years. The order of commitment shall expressly state whether a person convicted thereunder is more than 10 years older than his coparticipant and whether such coparticipant is under the age of 14. The order shall also state whether a person convicted hereunder has compelled coparticipation in his act by force, violence, duress, menace, or threat of great bodily harm.

Section 288a was repealed in 1975. See 1975 California Laws ch. 71.

With respect to the conviction for oral sex perversion the information lists the defendant as Mario Dominguez Leyva; the probation order adds the alias Jose Mario Leyva (Ex. 4). The complaint and probation order with respect to the burglary conviction list Jose Mario Leyva as the defendant (Ex. 5). A copy of a document from the FBI Identification Division (Ex. 6) was received into evidence as proof that both names were used by the respondent.

Counsel contends that the similarity of names in the record of conviction is not sufficient to establish that the respondent was the subject of the proceedings. We disagree. Where a deportation charge is based on documentary evidence bearing a name identical to that of the respondent, the immigration judge may reasonably infer that such evidence relates to the respondent in the absence of evidence that it does not relate to him. *United States* v. *Rebon-Delgado*, 467 F.2d 11 (9 Cir. 1972); *Matter of Li*, Interim Decision 2451 (BIA 1975); *Matter of Cheung*, 13 I. & N. Dec. 794 (BIA 1971).

Although the record of conviction with respect to the burglary charge lists a different first and middle name from that of the respondent, the last name is identical. The FBI document indicates that Mario Dominiguez Leyva and Jose Mario Leyva are the same person. Furthermore, the probation order relating to the conviction for oral sex perversion lists both names. Although the respondent denied at the hearing that the record of conviction with respect to the burglary charge and the FBI document relate to him (Tr. pp. 12, 13), he introduced no affirmative evidence in support of that statement. There is sufficient evidence in the record indicating that the name Jose Mario Leyva is an alias used by the respondent. We therefore conclude that the Service met its burden of showing that the record of conviction relates to the respondent and that he has been convicted of two crimes involving moral turpitude.

Counsel further suggests that the court records have not been properly authenticated since it has not been shown that the attesting officer had custody of the original as required by Rule 44 of the Federal Rules of Evidence. The record shows that each document relating to the record of conviction is accompanied by an entry that the copy is a true and accurate copy of the original and is signed by a deputy of the Clerk of the Court. Where the certification is executed with reference to the Clerk of the Court, it will be presumed that the custody requirement has been met. *Maroon* v. *INS*, 364 F.2d 982 (8 Cir. 1966).[3]

We hold that deportability has been established by clear, convincing, and unequivocal evidence. *Woodby* v. *INS*, 385 U.S. 276 (1966).

---

[3] *Chung Young Chew* v. *Boyd*, 309 F.2d 857 (9 Cir. 1962). cited by counsel, is distinguishable since the method of authentication was not identified in that case and the court concluded that there was no way to be assured of the document's authenticity.

The immigration judge held that the respondent was ineligible for any form of discretionary relief. Since his decision, we have determined that a lawful permanent resident with seven consecutive years of unrelinquished domicile in the United States who is charged with deportability on the basis of one of the provisions enumerated in section 212(c) of the Act is eligible for a waiver of inadmissibility under that section. *Matter of Silva-Ovalle,* Interim Decision 2532 (BIA September 10, 1976). Inasmuch as it appears that the respondent may qualify for discretionary relief under section 212(c), we shall remand the record to the immigration judge so that the respondent may be afforded an opportunity to make an application for a section 212(c) waiver.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with this opinion and the entry of a new decision.