# In re Phong Nguyen TRAN, Respondent

File A28 005 431 - San Pedro

*Decided March 28, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Willful infliction of corporal injury on a spouse, cohabitant, or parent of the perpetrator's child, in violation of section 273.5(a) of the California Penal Code, constitutes a crime involving moral turpitude.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Tamila E. Marshall, Assistant District Counsel

BEFORE: Board Panel: VACCA, ROSENBERG, MATHON, Board Members

VACCA, Board Member:

In a decision dated May 1, 1995, an Immigration Judge terminated these deportation proceedings upon a finding that the respondent is not deportable as charged under section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(ii) (1994), as an alien convicted of two or more crimes involving moral turpitude. The Immigration and Naturalization Service has appealed from that decision. The appeal will be sustained.

## I. FACTS AND PROCEDURAL HISTORY

The respondent is a 26-year-old native and citizen of Vietnam, who entered the United States as a refugee on or about March 30, 1988, and subsequently adjusted his status to that of lawful permanent resident. On June 28, 1994, the Service issued an Order to Show Cause and Notice of Hearing (Form I-221), charging that the respondent is deportable because he was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

At his deportation hearing, the respondent admitted that on May 12, 1994, he pled nolo contendere to burglary and on August 31, 1993, he pled guilty to

violating section 273.5(a) of the California Penal Code for inflicting corporal injury upon the mother of his child.[1]

Although the Immigration Judge concluded that the respondent's burglary conviction was for a crime involving moral turpitude, she determined that his conviction for violation of section 273.5(a) of the California Penal Code was not. She therefore found that the respondent was not deportable on the charges brought by the Service. Based on this finding, the Immigration Judge did not consider the respondent's applications for relief from deportation.

## II.  ISSUE PRESENTED

The respondent has not disputed the Immigration Judge's conclusion that burglary constitutes a crime involving moral turpitude. *See Matter of Frentescu,* 18 I&N Dec. 244 (BIA 1982); *Matter of De La Nues*, 18 I&N Dec. 140 (BIA 1981); *Matter of Leyva*, 16 I&N Dec. 118 (BIA 1977); *Matter of Scarpulla,* 15 I&N Dec. 139 (BIA 1974); *Matter of L-*, 6 I&N Dec. 666 (BIA 1955); *Matter of Z-*, 5 I&N Dec. 383 (BIA 1953).  Therefore, the only issue in this case is whether a conviction for willful infliction of corporal injury on the parent of one's child under section 273.5(a) of the California Penal Code is a conviction for a crime involving moral turpitude. We hold that it is.

## III.  CALIFORNIA STATUTE

The respondent was convicted of violating section 273.5(a) of the Penal Code of California, which provides as follows:

> Any person who willfully inflicts upon his or her spouse, or any person who willfully inflicts upon any person with whom he or she is cohabiting, or any person who willfully inflicts upon any person who is the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years . . . .

California Penal Code § 273.5(a) (1993).

## IV.  DEFINITION OF MORAL TURPITUDE

Moral turpitude is a nebulous concept, which refers generally to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed between persons or to society in general.

---

[1] The Order to Show Cause alleges that the respondent was convicted of inflicting corporal injury on a spouse, but the respondent's criminal complaint charged that the injury was to the mother of his child. During the hearing, the respondent testified that the woman he was convicted of beating was not his lawful wife, but that they lived as husband and wife. He further stated that her two children are not his and that he and the woman are still cohabiting.  We will not inquire into the circumstances surrounding the conviction, but rather will rely on the criminal records and the respondent's admission that he pled guilty to the charge of inflicting corporal injury on the mother of his child.  *See, e.g., Matter of Reyes*, 20 I&N Dec. 789, 793 (BIA 1994), and cases cited therein.

*Matter of Franklin*, 20 I&N Dec. 867 (BIA 1994), *aff'd*, 72 F.3d 571 (8th Cir. 1995); *Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988); *see also Matter of Flores*, 17 I&N Dec. 225, 227 (BIA 1980); *Matter of McNaughton*, 16 I&N Dec. 569 (BIA 1978); *Matter of Baker*, 15 I&N Dec. 50 (BIA 1974); *Matter of S-*, 2 I&N Dec. 353 (BIA, A.G. 1945); *Matter of G-*, 1 I&N Dec. 73 (BIA, A.G. 1941). Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders the crime one of moral turpitude. *See Matter of Esfandiary*, 16 I&N Dec. 659 (BIA 1979); *Matter of P-*, 6 I&N Dec. 795 (BIA 1955). The essence of moral turpitude is an evil or malicious intent. *Matter of Flores, supra*. The test to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind. *See Winestock v. INS*, 576 F.2d 234 (9th Cir. 1978); *Matter of Flores, supra*. Where knowing or intentional conduct is an element of a morally reprehensible offense, we have found moral turpitude to be present. *See, e.g., Matter of Danesh, supra.*

## V. SERIOUSNESS OF THE OFFENSE

The Immigration Judge based her decision, in part, on the fact that the respondent was convicted of a misdemeanor and served only 30 days in jail. Neither the seriousness of a criminal offense nor the severity of the sentence imposed therefor is determinative of whether a crime involves moral turpitude. *Matter of Serna*, 20 I&N Dec. 579 (BIA 1992). Therefore, the fact that the respondent was convicted of a misdemeanor rather than a felony has no bearing on whether or not the offense for which he was convicted is a crime involving moral turpitude.

## VI. WILLFUL ABUSE UNDER SECTION 273.5(a) OF THE CALIFORNIA PENAL CODE

In *Guerrero de Nodahl v. INS*, 407 F.2d 1405 (9th Cir. 1969), the United States Court of Appeals for the Ninth Circuit determined that the offense of child abuse under section 273d of the California Penal Code is a crime involving moral turpitude. Quoting from the statute, the court found that a person who inflicts on a child "cruel or inhuman corporal punishment or injury" has committed a heinous offense so offensive to American ethics that, when committed willfully, necessarily involves moral turpitude. *Id.* at 1406-07.

The Ninth Circuit subsequently relied on the reasoning of *Guerrero* in a case involving spousal abuse under section 273.5(a) of the California Penal Code. *Grageda v. INS*, 12 F.3d 919 (9th Cir. 1993). The court noted there that the statute includes "willfulness" as an element, finding that term to mean that "the person intended to cause the harm." *Grageda v. INS, supra*, at 922. Thus, the court determined that the willful commission of spousal abuse,

an act of baseness and depravity contrary to accepted moral standards, was a crime involving moral turpitude.

In a footnote in *Grageda*, the court stated that it did not address the question whether the offense of cohabitant abuse, prohibited by the same statute, would also be considered a crime involving moral turpitude. The Immigration Judge declined to follow *Grageda* in this case, relying on that footnote. We do not find that the statement in the footnote is controlling, and we conclude that the rationale of *Grageda* should be applied in this case.

We note that section 273.5(a) of the California Penal Code makes no distinction between a spouse, a cohabitant, or the mother or father of the perpetrator's child. The statute prohibits equally the willful infliction of harm upon any one of these victims.

A person who cohabits with or is the parent of the offender's child maintains a relationship of a familial nature with the perpetrator of the harm. This relationship is likely to be one of trust and possibly dependency, similar to that of a spousal relationship. Violence between the parties of such a relationship is different from that between strangers or acquaintances, which may or may not involve moral turpitude, depending on the nature of the offense as delineated by statute. *Grageda v. INS, supra* (citing *United States ex rel. Zaffarano v. Corsi*, 63 F.2d 757, 758 (2d Cir. 1933)); *see also, e.g., Matter of Danesh, supra; Matter of Medina*, 15 I&N Dec. 611 (BIA 1976), *aff'd sub nom. Medina-Luna v. INS*, 547 F.2d 1171 (7th Cir. 1977); *Matter of G- R-*, 2 I&N Dec. 733 (BIA 1946; A.G. 1947). In our opinion, infliction of bodily harm upon a person with whom one has such a familial relationship is an act of depravity which is contrary to accepted moral standards. *Grageda v. INS, supra*. When such an act is committed willfully, it is an offense that involves moral turpitude. *Id.*

We will follow the holding in *Grageda v. INS, supra*, that spousal abuse in violation of section 273.5(a) of the California Penal Code is a crime involving moral turpitude. Furthermore, inasmuch as we find that willful infliction of injury upon a cohabitant or parent of the offender's child in violation of the same statute is as reprehensible as spousal abuse, we conclude that such offense also involves moral turpitude. Thus, we hold that any violation of section 273.5(a) of the California Penal Code constitutes a crime involving moral turpitude. In ruling to the contrary, the Immigration Judge erred.

## VII. CONCLUSION

There is no dispute that burglary constitutes a crime involving moral turpitude. We now conclude that willful infliction of corporal injury on a spouse, cohabitant, or parent of the perpetrator's child in violation of section 273.5(a) of the California Penal Code constitutes a crime involving moral turpitude. Therefore, we find that the respondent has been convicted of two crimes involving moral turpitude which do not arise out of a single scheme, and he is

deportable.  Accordingly, we will sustain the appeal and reverse the decision of the Immigration Judge. The record will be remanded to the Immigration Judge to give the respondent an opportunity to apply for any relief from deportation for which he may be eligible.

**ORDER:**    The appeal is sustained, and the decision of the Immigration Judge is reversed.

**FURTHER ORDER:**    The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion.