# In re Jose Abraham DEANDA-ROMO, Respondent

## File A43 951 587 - Dallas

### *Decided May 8, 2003*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent, who was convicted of two misdemeanor crimes involving moral turpitude, is not precluded by the provisions of section 240A(d)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(d)(1)(B) (2000), from establishing the requisite 7 years of continuous residence for cancellation of removal under section 240A(a)(2), because his first crime, which qualifies as a petty offense, did not render him inadmissible, and he had accrued the requisite 7 years of continuous residence before the second offense was committed.

FOR RESPONDENT: J. Joseph Reina, Esquire, Dallas, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Beverlei E. Colston, Assistant District Counsel

BEFORE:  Board Panel: FILPPU, GRANT and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated January 31, 2001, an Immigration Judge found the respondent removable and denied his applications for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000), and for voluntary departure. The respondent has appealed from that decision. During the pendency of the appeal, the respondent submitted a motion requesting that the record be remanded to give him an opportunity to apply for adjustment of status. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on January 8, 1992, and has remained in that status since that time. On September 21, 1999, he was convicted in Texas of two misdemeanor offenses of assault with bodily injury to his spouse, one occurring on October 30, 1998, and the other on June 20, 1999. His sentence for the first offense ultimately included a fine and 180 days in prison, which was suspended to 2 years of probation on the condition

that he serve 30 days in jail. The sentence for the second offense was similar except that a term of 300 days in prison was suspended.

At his hearing, the respondent conceded removability and applied for cancellation of removal for lawful permanent residents under section 240A(a) of the Act. The Immigration Judge pretermitted the respondent's application, finding that he was ineligible for relief under the "stop-time" provisions of section 240A(d)(1) because his first crime occurred within 7 years of his admission. In reaching that conclusion, the Immigration Judge rejected the respondent's argument that he should not be precluded from establishing the requisite 7 years of continuous residence on the basis of his first crime because it was a "petty offense" under section 212(a)(2)(A)(ii)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (2000), and therefore did not render him inadmissible.

## II. ISSUE

The issue in this case is whether an alien who has committed two crimes involving moral turpitude is precluded by the provisions of section 240A(d)(1)(B) of the Act from establishing the requisite 7 years of continuous residence for cancellation of removal under section 240A(a)(2), where his first crime was a petty offense that was committed within the 7-year period and the second crime was committed more than 7 years after the alien's admission to the United States.

## III. APPLICABLE STATUTES

Section 240A(a) of the Act, which sets forth the criteria to establish eligibility for cancellation of removal for certain permanent residents, provides in pertinent part as follows:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>> (2) has resided in the United States continuously for 7 years after having been admitted in any status . . . .

Section 240A(d)(1) provides in relevant part:

> For purposes of this section, any period of continuous residence . . . in the United States shall be deemed to end . . . (B) when the alien has committed an offense referred to in section 212(a)(2) that *renders the alien inadmissible* to the United States under section 212(a)(2) . . . .[1]  (Emphasis added.)

---

[1] The remaining language of section 240A(d)(1), referring to an offense under section 212(a)(2) that renders an alien removable under section 237(a)(2) of the Act, 8 U.S.C.

(continued...)

Section 212(a)(2)(A) provides in relevant part:

(i) In General.—Except as provided in clause (ii), any alien convicted of . . .—
    (I) a crime involving moral turpitude . . . is inadmissible.
(ii) Exception.—Clause (i)(I) shall not apply to an alien who committed only one crime if—
    . . .
    (II) the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

## III.  ANALYSIS

It is undisputed that both of the respondent's convictions are for crimes involving moral turpitude under section 212(a)(2) of the Act. *See Matter of Tran*, 21 I&N Dec. 291 (BIA 1996).  Moreover, it is clear that the first crime falls within the "petty offense" exception in section 212(a)(2)(A)(ii)(II), because the sentence imposed was not in excess of 6 months in prison.  The respondent argues that he would not have been "rendered inadmissible" under section 212(a)(2) by virtue of that "petty offense" conviction alone, and that he would become subject to inadmissibility only through the commission of his second crime involving moral turpitude, which occurred after he had accrued the 7 years of continuous residence required for cancellation of removal.  He therefore asserts that the Immigration Judge erred in concluding that the first offense terminated his accrual of continuous residence under section 240A(d)(1).  We agree.

An alien who has committed only one crime involving moral turpitude that qualifies as a petty offense is not subject to the grounds of inadmissibility under section 212(a)(2) of the Act.  However, if the alien commits another crime involving moral turpitude, he is thereafter ineligible for the "petty offense" exception and becomes inadmissible on the basis of his criminal activity.[2]  Therefore, when the respondent committed his second crime in June 1999, he was subject to inadmissibility under the provisions of section 212(a)(2) because he was no longer eligible for the "petty offense" exception.

The question before us, however, is not whether the respondent is inadmissible by virtue of his two convictions for crimes involving moral

---

[1] (...continued)
§ 1227(a)(2) (2000), is inapplicable here because neither of the respondent's crimes was committed within 5 years of his entry.

[2] The Immigration Judge properly found that the "petty offense" exception in section 212(a)(2)(A)(ii)(II) of the Act is available to aliens who have committed "only one crime" and therefore would not generally apply to an alien who has been convicted of two crimes involving moral turpitude. *Cf. Matter of Garcia-Hernandez*, 23 I&N Dec. 590 (BIA 2003).

turpitude, but whether he can establish that he has accrued the 7 years of continuous residence required for cancellation of removal under section 240A(a)(2) of the Act. Section 240A(d)(1) states that an alien's continuous residence is "deemed to end" when he has committed an offense that "renders [him] inadmissible to the United States under section 212(a)(2)." In this case, the respondent was not inadmissible on the basis of his first crime because of the "petty offense" exception, and his continuous residence was only deemed to end when he committed his second crime in June 1999. However, by the time he committed that offense, which only at that point rendered him inadmissible, he had already accrued the necessary 7 years of continuous residence. We find that this subsequent commission of a crime involving moral turpitude had no effect on his admissibility during the 7-year period during which he was required to establish continuous residence. We therefore conclude that the respondent is not ineligible to apply for cancellation of removal under section 240A(a) by virtue of his convictions.

Accordingly, the respondent's appeal will be sustained and the record will be remanded for further proceedings to allow him to apply for cancellation of removal and any other relief for which he may be eligible.[3]

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with this opinion, and for the entry of a new decision.

---

[3] While the respondent may be eligible for adjustment of status, we have not considered the question of his eligibility for that relief and are not remanding the record on the basis of his motion. However, the respondent may submit his application to the Immigration Judge on remand. *See Matter of Patel*, 16 I&N Dec. 600, 601 (BIA 1978).