**Frank MORELLI, Plaintiff–Appellant,**

**v.**

**John ASHCROFT, United States Attorney General, Defendant–Appellee.**

No. 02–56871.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided April 12, 2004.

Jan Joseph Bejar, Esq., San Diego, CA, for Plaintiff–Appellant.

AUSA, Office of the U.S. Attorney, San Diego, CA, Richard M. Evans, Esq., David

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Dauenheimer, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Frank Morelli, a citizen of Canada, appeals the district court's denial of his habeas corpus petition in which he challenged his removal due to his conviction of a crime of domestic violence and the failure to grant him voluntary departure. *See* 28 U.S.C. § 2241. We reverse and remand for dismissal in part, and we affirm in part.

■ (1) Morelli's challenge to the removal itself sought to attack the effect of his underlying felony conviction under California's domestic violence law. *See* Cal.Penal Code § 273.5; *see also* 8 U.S.C. § 1227(a)(2)(E)(i). But when the Board of Immigration Appeals affirmed the immigration judge's order of removal, Morelli could have appealed that decision to this court. *See* 8 U.S.C. § 1252(a)(1). He did not do so. Therefore, the district court should not have entertained the portion of his habeas corpus petition based upon removal. *See Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir.2003); *Taniguchi v. Schultz*, 303 F.3d 950, 955–56 (9th Cir. 2002); *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001). For this purpose, it matters not whether we call the basis for dismissal of the habeas corpus petition jurisdictional[1] or prudential;[2] the effect is the same.[3] The district court should have declined to proceed to the merits, and we will, therefore, reverse its merits determination and remand with directions to dismiss the removal claim.

■ (2) Morelli's habeas corpus petition also attacked the refusal to grant him voluntary departure. *See* 8 U.S.C. § 1229c(b). Morelli had no right to pursue a direct appeal to this court on that issue. 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure...."); *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). However, that section does not purport to affect 28 U.S.C. § 2241. As a result, it did not strip the district court of habeas corpus jurisdiction over Morelli's voluntary departure claim. *See INS v. St. Cyr*, 533 U.S. 289, 310–13, 121 S.Ct. 2271, 2285–86, 150 L.Ed.2d 347 (2001) (Despite 8 U.S.C. § 1252(a)(2)(C)'s provision that "no court shall have jurisdiction to review any final order of removal against" certain aliens, habeas relief under § 2241 is not affected.); *Flores–Miramontes v. INS*, 212 F.3d 1133, 1136–37 (9th Cir.2000) (same); *Magana–Pizano v. INS*, 200 F.3d 603, 607–09 (9th Cir.1999) (same as to similar transition section).

■ That said, we agree with the district court that the BIA did not err when it treated a crime of domestic violence against a cohabitant as a crime of moral turpitude.[4] That precluded Morelli from

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Taniguchi*, 303 F.3d at 955.

2. *See Arango Marquez*, 346 F.3d at 897; *Castro–Cortez*, 239 F.3d at 1047.

3. Because Morelli filed the habeas corpus petition more than 30 days after the BIA decision, his claim could not be saved by dubbing the habeas corpus petition a misfiled appeal and transferring it here. *See Taniguchi*, 303 F.3d at 956; *Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir.1996); *cf. Gallo–Alvarez v. Ashcroft*, 266 F.3d 1123, 1128 (9th Cir.2001); *Castro–Cortez*, 239 F.3d at 1046–47.

4. *See Grageda v. U.S. INS*, 12 F.3d 919, 922 (9th Cir.1993); *In re Phong Nguyen Tran*, 21

showing good moral character within the meaning of 8 U.S.C. § 1229c(b)(1)(B). *See* 8 U.S.C. § 1101(f)(3) (person included in 8 U.S.C. § 1182(a)(2)(A)(i)(I) does not have good moral character); 8 U.S.C. § 1182(a)(2)(A)(i)(I) (includes one who commits a crime of moral turpitude). Certainly, neither the California legislature nor Congress distinguished between spouses and cohabitants when expressing disdain for and legislating against those who inflict corporal injury. *See* 8 U.S.C. § 1227(a)(2)(E); Cal.Penal Code § 273.5. Nor will we. The district court did not err.

AFFIRMED[5] as to voluntary departure, REVERSED as to removal, and REMANDED for dismissal of the removal claim.

---

I. & N. Dec. 291, 294, 1996 WL 170083 (BIA 1996).

**5.** Morelli does claim that use of the so-called streamlining regulation, 8 C.F.R. § 1003.1(a)(7) (formerly 8 C.F.R. § 3.1(a)(7)), is a violation of due process. We have already rejected that claim. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

