# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60759
Summary Calendar

IVAN AQUILES RIVAS-BANOS

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 064 149

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:*

Ivan Aquiles Rivas-Banos, a native and citizen of El Salvador, petitions this court for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for cancellation of removal. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), this court is statutorily barred from reviewing the BIA's purely discretionary denial of cancellation of removal. *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007);

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). However, this court is not precluded from reviewing claims raising constitutional or purely legal questions. *See* 8 U.S.C. § 1252(a)(2)(D); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).

Rivas-Banos challenges the BIA's decision on the grounds that: (1) the BIA failed to consider the hardship issue; (2) if an alien meets the petty offense exception, that alien may still qualify for cancellation of removal despite a conviction for a crime involving moral turpitude (CIMT); (3) a conviction for a CIMT that meets the petty offense exception does not stop the accrual of time for purposes of meeting the requirement for continuous physical presence; (4) the BIA should have granted him voluntary departure; and (5) the BIA violated his procedural due process rights by dismissing his appeal despite his plausible ground of relief from removal. Although Rivas-Banos cites to *In re Garcia-Hernandez*, 23 I. & N. Dec. 590 (BIA 2003), and *In re Deanda-Romo*, 23 I. & N. Dec. 597 (BIA 2003), in support of his arguments regarding the petty offense exception, those cases do not explicitly support his arguments. Moreover, this court must defer to the BIA's interpretation of ambiguous provisions of the INA, and the BIA held in this case that the petty offense exception was inapplicable to Rivas-Banos. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

As the petty offense exception was not applicable to Rivas-Banos, he was ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(3), 1229b(b)(1)(B), 1182(a)(2)(A)(i)(I). It is therefore not relevant whether Rivas-Banos met the other statutory requirements for cancellation of removal. Rivas-Banos's argument regarding voluntary departure is not cognizable because he did not exhaust that claim by raising it before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Moreover, Rivas-Banos's due process claim lacks merit because he does not have a right to due process regarding "the failure to receive relief that is purely discretionary in nature." *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

Accordingly, Rivas-Banos's petition for review is DENIED.