# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2010

Lyle W. Cayce
Clerk

No. 09-60531
Summary Calendar

DAVID JULIUS LAZARO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A097 672 983

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Julius Lazaro, a native and citizen of Tanzania, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's order that he was removable under 8 U.S.C. § 1227(a)(2)(A)(i) and (a)(2)(A)(ii) because he (a) committed within five years of his lawful admission a crime of moral turpitude, and (b) was convicted after his admission of two crimes involving moral turpitude that did not arise out of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

single scheme of criminal misconduct. He also petitions this court for review of the BIA's denial of his motion for reconsideration.

Lazaro argues on appeal that his prior offenses – i.e., an assault family violence offense under TEX. PENAL CODE ANN. § 22.01 (Vernon 2003) and a theft offense under TEX. PENAL CODE ANN. § 31.03 (Vernon 2003) – are not crimes of moral turpitude. He does not dispute the BIA's conclusion that he is ineligible for cancellation of removal, and he therefore has abandoned any challenge on that ground. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We apply a two-part standard of review to the BIA's conclusion that Lazaro committed a crime involving moral turpitude. *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006). First, we accord substantial deference to the BIA's interpretation of the Immigration and Nationality Act and its definition of the phrase "moral turpitude." *Id.* Second, we review de novo whether the elements of a state or federal crime fit the BIA's definition of a crime involving moral turpitude. *Id* The BIA's determination of what constitutes moral turpitude must be upheld if that determination is reasonable. *Hamdan v. INS*, 98 F.3d 183, 185 (5th Cir. 1996).

Section 22.01, which criminalizes assault, encompasses acts that both are and are not crimes of moral turpitude; we therefore must review the record of conviction to determine whether Lazaro's offense falls into a subsection that is a crime of moral turpitude. *See Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006). The record reveals that Lazaro was convicted under the provision of § 22.01 that provides enhanced punishment to a defendant convicted of multiple assaults against persons with whom he has a special relationship. *See* § 22.01(b)(2)(A). In this case, the conditions of supervision portion of the judgment, which requires Lazaro to participate in domestic violence treatment programs, confirms that the victim of the offense was his wife. Moreover, the charging instrument, which states that Lazaro caused bodily injury to his wife by striking, pulling, and grabbing her, reveals that Lazaro was convicted of an

intentional and injurious crime. Thus, because the record shows that Lazaro was convicted of intentionally inflicting bodily injury upon his wife, the BIA's conclusion that his assault offense was a crime involving moral turpitude was reasonable. *See In re Tran*, 21 I&N Dec. 291, 294 (BIA 1996) (holding that statute requiring the willful infliction of corporal injury resulting in a traumatic condition upon, inter alia, the perpetrator's spouse was crime involving moral turpitude); *see also In re Sanudo*, 23 I&N at 970-71 (indicating that moral turpitude necessarily inheres in assault and battery offenses that involve the infliction of bodily harm upon a person whom society views as deserving of special protection, such as a domestic partner).

Under § 1227(a)(2)(A)(i), an alien is removable if he has been convicted of a crime of moral turpitude within five years after the date of admission, and a sentence of one year or longer may be imposed for the offense. Lazaro does not dispute that his assault offense was punishable by a term of more than one year of imprisonment or was committed within five years of his admission. Thus, any challenge to either the sentence that could be imposed for his offense or the date used to determine his date of admission are abandoned. *See Soadjede*, 324 F. 3d at 833. Lazaro has not demonstrated that the BIA wrongly found that he was removable under § 1227(a)(2)(A)(i), and his petition for review of the BIA's dismissal of his appeal should be denied. Because Lazaro is removable under § 1227(a)(2)(A)(i), we need not review whether the BIA also correctly found that he was removable under § 1227(a)(2)(A)(ii).

Lazaro timely filed a separate petition for review from the BIA's denial of his motion for reconsideration. However, his brief to this court addresses only the BIA's decision dismissing his appeal; he raises no issues with respect to the BIA's denial of his motion for reconsideration. Accordingly, any challenge to the BIA's denial of his motion for reconsideration has been waived. *See Soadjede*, 324 F.3d at 833.

For the foregoing reasons, Lazaro's petitions for review are DENIED.