**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 7 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAMAL GABRIE, a.k.a. Gabriel Yamal, | No. 10-72612 |
| Petitioner, | Agency No. A072-227-886 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Yamal Gabrie, a native and citizen of Honduras, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

removal and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006), and review for abuse of discretion the denial of a motion to continue, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for the review.

In his opening brief, Gabrie fails to address, and therefore has waived any challenge to, the BIA's dispositive determination that Gabrie was bound by his former counsel's admissions before the IJ that Gabrie's criminal convictions were crimes involving moral turpitude. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The agency therefore did not err in denying Gabrie's applications for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(B), and voluntary departure under 8 U.S.C. § 1229c(b)(1)(B), because he was unable to show good moral character during the relevant time period preceding his applications. *See* 8 U.S.C. § 1101(f)(3); *Matter of Deanda-Romo*, 23 I. & N. Dec. 597, 599 (BIA 2003) (individual who has committed more than one crime involving moral turpitude is not eligible for the petty offense exception).

The IJ did not abuse her discretion in denying Gabrie's request for a continuance where Gabrie failed to show good cause. *See Ahmed*, 569 F.3d at

1012-15; 8 C.F.R. § 1003.29.  It follows that Gabrie's due process claim fails.  *See*

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**