IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2012

Lyle W. Cayce
Clerk

No. 11-60724
Summary Calendar

ISRAEL ALDAPE-GARCIA, also known as Israel Jesus Aldape-Garcia, also known as Israil Jesus Aldape-Garcia,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 814 514

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Israel Aldape-Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order that he was removable and denying his request for cancellation of removal. He claims that his prior offense, under Texas Penal Code § 22.01, assault of a family member, is not a crime involving moral turpitude, rendering him ineligible for cancellation of removal. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the IJ and the BIA erred in not applying Fifth Circuit precedent requiring the application of the categorical approach in determining whether the assault offense was a crime involving moral turpitude. He asserts that an evaluation of his criminal record leaves open the real possibility that his assault conviction was for reckless conduct, a simple assault, or even a non-contact assault, which are not crimes involving moral turpitude.

We apply a two-part standard of review to the BIA's conclusion that Aldape-Garcia committed a crime involving moral turpitude. See Amouzadeh v. Winfrey, 467 F.3d 451, 455 (5th Cir. 2006). First, we accord substantial deference to the BIA's interpretation of the Immigration and Nationality Act and its definition of the phrase "moral turpitude." Id. Second, we review de novo whether the elements of a state or federal crime fit the BIA's definition of a crime involving moral turpitude. Id. The BIA's determination of what constitutes moral turpitude must be upheld if it is reasonable. Hamdan v. INS, 98 F.3d 183, 185 (5th Cir. 1996).

Contrary to Aldape-Garcia's insistence that our analysis is confined to the categorical approach because § 22.01 encompasses acts that both are and are not crimes involving moral turpitude, we must review the record of conviction to determine whether Aldape-Garcia's offense falls into a subsection that is a crime involving moral turpitude. See Amouzadeh, 467 F.3d at 455. Under Texas law, a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). The record of conviction reveals that Aldape-Garcia was convicted under § 22.01(a)(1). The charging instrument tracks the language of that subsection, stating that Aldape-Garcia "intentionally and knowingly cause[d] bodily injury to" the victim, "a member of the Defendant's family . . . by striking the complainant with his hand." As the record shows that Aldape-Garcia was convicted of intentionally inflicting bodily injury on a member of his family, the BIA's conclusion that his assault offense

was a crime involving moral turpitude was reasonable. See In re Tran, 21 I & N Dec. 291, 294 (BIA 1996) (holding that a conviction for willful infliction of corporal injury on the parent of one's child under a California statute was a crime involving moral turpitude).

PETITION FOR REVIEW DENIED.